UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

IN RE: **KIMBERLEY LOCKETT BEAZLEY**                     Case No. 05-39576
                                                         Chapter 13

## MEMORANDUM OPINION AND ORDER

Hearing was held January 11, 2006, on debtor's "Motion To Rehear" filed November 23, 2005, which requests the court to order a new trial on a relief from stay motion that was granted by order entered November 15, 2005. Debtor also filed a notice of appeal of the November 15 order on November 19, 2005.

The court's order of November 15, 2005, granted creditor Wells Fargo Bank's motion to nullify stay and validate foreclosure sale. Preliminary hearing on this motion was held November 9, 2005. On that date, debtor's counsel has stated he could not be present in court and sent substitute counsel to request a final hearing on the motion. At hearing on November 9, the court found no basis to schedule a final hearing under the standards prescribed by 11 U.S.C. § 362(e) and consolidated the preliminary hearing with final hearing and ruled from the bench that the relief from stay motion would be granted nullifying the automatic stay.

Debtor's present motion to rehear cites Fed. R. Civ. P. 59 and Fed. R. Bankr. P. 7062 for the court's authority to order a new trial. Bankruptcy Rule 7062, which incorporates Fed. R. Civ. P. 62, is the rule that provides for a stay of proceedings to enforce a judgment, i.e., a stay pending appeal. Inasmuch as debtor's motion does not address the standards for a stay pending appeal, nor was a request for stay pending appeal argued at hearing on January 11, the court

1

treats the present motion as a request for a new trial or amendment of judgment pursuant to Bankruptcy Rule 9023, incorporating Federal Rule 59.

Debtor's motion notes that an appeal has been filed to the order of November 15, 2005, and merely requests rehearing "to allow for a record to be available for that appeal." Motion to Rehear, par. 3. The motion also states that under Local Rule 9014-1, the preliminary hearing, which was scheduled less than 30 days after the relief from stay motion, should have been carried over for final hearing. At hearing on January 11, debtor gave testimony, apparently for the purpose of establishing a basis for the court to reconsider the order granting annulment of the automatic stay to Wells Fargo. Both sides examined the witness, and the issue was taken under advisement. For the reasons stated below, the court will deny debtor's motion to rehear.[1]

For an understanding of the court's order of November 15, 2005, annulling the stay in this case, reference must be made to the bankruptcy filing record of debtor and her husband, Michael J. Beazley. The Beazleys were the owners of real property located at 10331 Ridgerun Road, Chesterfield, Virginia 23832, and were jointly and severally liable on a note secured by a deed of trust on the property in favor of Wells Fargo Bank, N.A. Including debtor's present chapter 13 case, debtor and her husband have between them filed seven bankruptcy cases in their efforts to save their home. During the pendency of Mr. Beazley's most recent case, number 04-31716, the court entered a consent order on August 6, 2005, granting modification of the stay. Pursuant to the order, Wells Fargo would be given immediate relief from stay, without requiring

---

[1] Because the debtor has filed a notice of appeal of the order of November 15, 2005, it questionable whether this court retains jurisdiction to consider a motion for a new trial. However, the court allowed the hearing to go forward so that debtor would have an opportunity to make a record of her position.

2

notice of default or further hearing in court, upon the occurrence of certain events, including "dismissal of the bankruptcy case." Relief was to be "binding and extend for a period of one year from the date on which this case is closed to any future bankruptcy filings by the debtor or any other individual or entity having actual or constructive knowledge of this order." Mr. Beazley's case was dismissed upon motion of the trustee on August 12, 2005, and the case was closed on September 9, 2005.

Debtor filed her current chapter 13 case on October 6, 2005. Wells Fargo exercised its state law remedies pursuant to the consent order, and a foreclosure sale was held October 11, 2005, wherein the property was purchased by a third party for the sum of $123,000.00. Thereafter, Wells Fargo filed its motion to nullify stay in debtor's present case and to validate the previously held foreclosure sale. As noted above, hearing was held on creditor's motion and on November 15, 2005, the court entered the order at issue here granting Wells Fargo's motion for relief from stay for "cause" under 11 U.S.C. § 362(d).[2]

In granting the motion annulling the stay, the court determined that the present debtor, Mrs. Beazley, was bound by the relief from stay order entered in the previous case of Mr. Beazley (Case No. 04-31716), because she had been named as a co-debtor in the motion for

---

[2] As stated in the order, the court found that Wells Fargo, "while aware of the filing of this bankruptcy, was of the reasonable belief that the automatic stay did not apply to the Plaintiff based on relief granted by Order entered August 6, 2004 in case number #04-31716, and the history of bankruptcy filings as set forth in the Motion to Nullify Stay; that the Debtors have filed successive bankruptcies, as set forth in the Motion to Nullify Stay which have continually frustrated Plaintiff's efforts to foreclose; that the pre-petition arrearages due the Plaintiff cannot reasonably be cured through any Chapter 13 plan; and that in view of the foregoing, this filing constitutes bad faith."

relief from stay in that case and given notice. Additionally, the court considered the fact that the Beazleys are serial bankruptcy filers, which gave cause to grant the motion pursuant to Code § 362(d)(1).

Debtor proposes both technical and legal grounds for the court to approve her motion. Debtor first argues in her motion that under Local Rule 9014-1, the preliminary hearing should have been set for a final hearing as requested.  Local Rule 9014-1(B), entitled, "Whether Hearing is Evidentiary or Preliminary," provides:

> Except as provided for in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, these Local Bankruptcy Rules, or as otherwise ordered by the Court on its own motion or on motion of a party, all parties shall be prepared to present evidence and testimony at any scheduled hearing where the hearing has been set on at least thirty days notice unless the parties agree or the Court orders that evidence and testimony will be presented at any scheduled hearing that is set on less than thirty days notice.

Debtor argues that hearing on the motion to nullify stay was set with less than thirty days notice and that therefore she is entitled to a final, evidentiary hearing on the motion. Debtor's reliance on this rule is misplaced because Local Rule 4001 does not ordinarily relate to preliminary relief from stay hearings. Relief from stay motions are governed by Local Rule 4001, which incorporates Bankruptcy Code § 362(d) and (e). Section 362(e)(1) states, in pertinent part:

> Thirty days after a request under subsection (d) of this section for relief from the stay of any act against property of the estate under subsection (a) of this section, such stay is terminated with respect to the party in interest making such request, unless the court, after notice and a hearing, orders such stay continued in effect pending the conclusion of, or as a result of, a final hearing and determination under subsection (d) of this section.

11 U.S.C. § 362(e)(1). Hearing on motion for relief from stay "may be a preliminary hearing or may be consolidated with the final hearing under subsection (d) of this section." Id. Because the

4

stay would terminate automatically thirty days after a request for relief is made under subsection (d), hearings on motions for relief must necessarily be heard within thirty days to avoid relief occurring by operation of law. Section 362(e) also provides that the court need not schedule a final hearing unless "there is a reasonable likelihood that the person opposing relief . . . will prevail at . . . final hearing." Id.

At hearing on Wells Fargo's motion on November 9, the court determined there was no need for a final hearing because there was not a reasonable likelihood that debtor would prevail at a final hearing. Accordingly, the preliminary and final hearings were combined, and debtor is not now entitled to a final hearing.

At hearing on January 11, debtor also tried to persuade the court to set aside the order of November 15, 2005, by providing oral testimony concerning her lack of knowledge on the relief from stay order entered in Mr. Beazley's case no. 04-31716. However, the court finds no basis in debtor's testimony to warrant the court's granting a motion for a new trial.

Accordingly,

**IT IS ORDERED** that debtor's motion to rehear is **DENIED**.


Signed this date: _____


            /s/ Douglas O. Tice Jr.
            DOUGLAS O. TICE JR.
            CHIEF JUDGE
            UNITED STATES BANKRUPTCY COURT

**Copies to:**
Michael J. Champlin, Esq.
Bowen, Champlin, Carr, Foreman & Rockecharlie
1919 Huguenot Road, Suite 300
Richmond, VA 23235-4321
*Counsel for Debtor*

Eric David White, Esq.
1804 Staples Mill Road, Suite 200
Richmond, VA 23230
*Counsel for Creditor*